# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NUMBER |
| | : | |
| v. | : | No. 01-769-01 |
| | : | |
| DAVID LEE FISHER | : | |
| | : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                 **APRIL 21, 2017**

Presently before the Court is a Motion to Correct Sentence Under 28 U.S.C. § 2255 ("§ 2255") by David Lee Fisher ("Fisher"), the Response in Opposition filed by the United States of America ("Government"), and Fisher's Reply. For the reasons set forth below, we grant Fisher's Motion.

## I.   BACKGROUND

On February 26, 2003, Fisher was convicted of one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), which generally carries a mandatory minimum sentence of ten years. On June 27, 2003, Fisher was sentenced to a term of imprisonment of 327 months. His sentence was based, in part, on the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). "Under 18 U.S.C. § 922(g), it is unlawful for a person who has been previously convicted of a felony to possess a firearm. A defendant convicted under that section is subject to a fifteen-year minimum sentence under the ACCA if he 'has three previous convictions . . . for a violent felony or a serious drug offense, or both[.]'" United States v. Abbott, 748 F.3d 154, 157 (3d Cir. 2014) (quoting 18 U.S.C. § 924(e)). The United States Court of Appeals for the Third Circuit ("Third Circuit") affirmed Fisher's conviction, but vacated his sentence and remanded for resentencing in accordance with United States v. Booker, 543 U.S.

220 (2005). See United States v. Fisher, 126 F. App'x 71, 74 (3d Cir. 2005) (not precedential). On March 13, 2006, at the resentencing hearing, Fisher was sentenced to a term of imprisonment of 224 months, which was based, in part, on the ACCA.

Fisher moves to correct his sentence under § 2255 contending that his sentence is invalid in light of the ruling in Johnson v. United States, - U.S. -, 135 S. Ct. 2551 (2015) (holding that the residual clause of the ACCA's definition of "violent felony" is unconstitutionally vague).[1] "In Johnson, the Supreme Court struck down the so-called residual clause of this definition [of the ACCA] - 'or otherwise involves conduct that presents a serious potential risk of physical injury to another' - as void for vagueness." United States v. Dobbin, 629 F. App'x 448, 452 (3d Cir. 2015) (citing Johnson, 135 S. Ct. at 2563). However, "Johnson did not disturb the other parts of the ACCA, including the ACCA's other two means of determining whether a potential predicate crime is a crime of violence: namely, the 'elements' clause at 924(e)(2)(B)(i) dealing with the use or threatened use of force, and the 'enumerated offense' clause at 924(e)(2)(B)(ii)." United States v. Parks, No. 15-cr-0152, 2017 WL 679945, at *3 (M.D. Pa. Feb. 21, 2017) (citation omitted); see also Miller v. Cameron, No. 14-cv-5531, 2016 WL 6892745, at *4 (E.D. Pa. Nov. 23, 2016) ("Johnson did not strike down any other portion of the ACCA, or even any other portion of the definition of 'violent felony'; sentences imposed under other clauses in that same section of the statute are still valid.").

Fisher does not challenge the Court's reliance on two prior serious drug convictions as predicate crimes, but only argues that the third conviction for aggravated assault no longer

---

[1]In Welch v. United States, 136 S. Ct. 1257, 1268 (2016), the United States Supreme Court ("Supreme Court") held that its decision in Johnson was a new substantive law with retroactive effect to cases on collateral review.

qualifies as a valid predicate crime for his enhanced sentence under the ACCA.[2] Thus, our case focuses on the "elements" clause; specifically, whether Fisher's predicate crime of aggravated assault is a "violent felony" under the ACCA.

## II. LEGAL STANDARD

28 U.S.C. § 2255 permits a prisoner sentenced by a federal court to move the court that imposed the sentence to "vacate, set aside, or correct the sentence" where: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255(a). If a party is entitled to relief under § 2255(a), "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." Id. § 2255(b). A petitioner is entitled to an evidentiary hearing unless the motion, files, and records of the case show conclusively that the petitioner is not entitled to relief. Id.; see also United States v. Ritter, 93 F. App'x 402, 404 (3d Cir. 2004). In this case, an evidentiary hearing is unnecessary, and we will dispose of Fisher's § 2255 Motion on the record.

## III. DISCUSSION

### A. *Categorical/Modified Categorical Approach*

"When deciding whether a previous conviction counts as a 'violent felony or a serious drug offense' under the ACCA, a sentencing court may look only to the elements of a defendant's prior conviction, not 'to the particular facts underlying those convictions.'" Abbott, 748 F.3d at 157 (quoting Descamps v. United States, – U.S. –, 133 S. Ct. 2276, 2283 (2013)).

---

[2] "Plainly aggravated assault does not satisfy the clause enumerating the offenses of 'burglary, arson, . . . extortion, [or an offense that] involves use of explosives.'" (Def.'s Mem. Law Support § 2255 Mot. at 3-4) (citing 18 U.S.C. § 924(e)(2)(B)(ii)).

"This elements-based inquiry has come to be called the 'categorical approach.'" Id. (quoting Descamps, 133 S. Ct. at 2281). The elements of the crime of conviction must necessarily match the elements of a "violent felony" as defined in the ACCA. Id. "[T]he ACCA 'generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense.'" Id. (quoting Taylor v. United States, 495 U.S. 575, 602 (1990)). "A court should 'not [look] to the particular facts underlying those convictions.'" Id. (quoting at Taylor, 495 U.S. at 600). "If the elements of the crime of conviction 'cover a greater swath of conduct than the elements of the relevant ACCA offense,' if the elements are broader than the ACCA offense, then the conviction does not qualify as a predicate offense under the ACCA." United States v. Harris, 205 F. Supp. 3d 651, 660 (M.D. Pa. 2016) (quoting Mathis v. United States, – U.S.–, 136 S. Ct. 2243, 2251 (2016)). "Even if a defendant's 'conduct fits within' the ACCA offense, 'the mismatch of elements' disqualifies the conviction as a predicate offense." Id. (quoting Mathis, 136 S. Ct. at 2251). "In other words, we look to the elements of the prior offense 'to ascertain the least culpable conduct hypothetically necessary to sustain a conviction under the statute.'" United States v. Dahl, 833 F.3d 345, 350 (3d Cir. 2016) (quoting Hernandez–Cruz v. Att'y Gen., 764 F.3d 281, 285 (3d Cir. 2014)). "The elements, not the facts, are key." Id. (citing Descamps, 133 S. Ct. at 2283).

In some cases, the "modified categorical approach" applies. When the statute of conviction is divisible, identifying multiple, alternative elements, rather than a single, indivisible set of elements, courts apply the "modified categorical approach" to identify the particular crime of conviction. See Abbott, 748 F.3d at 157 (quoting Descamps, 133 S. Ct. at 2285). "The purpose of the modified categorical approach is to 'help effectuate the categorical analysis when a divisible statute . . . renders opaque which element played a part in the defendant's

4

conviction.'" Id. (quoting Descamps, 133 S. Ct. at 2283). "When faced with divisible statutes, we apply a 'modified categorical approach' that allows us 'to consult a limited class of documents . . . to determine which alternative formed the basis of the defendant's prior conviction.'" United States v. Henderson, 841 F.3d 623, 627 (3d Cir. 2016) (quoting Descamps, 133 S. Ct. at 2281). "Under this approach, if a statute is divisible, a court may consult 'the charging paper and jury instructions' when the conviction resulted from a jury trial, Taylor, 495 U.S. at 602 . . . or, when the conviction resulted from a guilty plea, 'the charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.' Shepard v. United States, 544 U.S. 13, 16, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005)." United States v. Brown, 765 F.3d 185, 189 (3d Cir. 2014), as amended (Nov. 4, 2014). "The modified categorical approach still 'retains the categorical approach's central feature: a focus on the elements, rather than the facts, of a crime.'" Id. (quoting Descamps, 133 S. Ct. at 2285).

At sentencing, it is the Government's burden to demonstrate the applicability of a sentencing enhancement by a preponderance of the evidence. See United States v. Watts, 519 U.S. 148, 156 (1997); United States v. Hill, , – F. Supp. 3d –, No. 07-cr-371, 2016 WL 7076929, at *6 (W.D. Pa. Dec. 5, 2016) ("It is the Government's burden at sentencing to demonstrate the applicability of a sentencing enhancement by a preponderance of the evidence.").

  *B.*   *The ACCA's Definition of "Violent Felony"*

Under the elements clause, the ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (i) "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The Supreme Court has instructed that the phrase "'physical force means

5

violent force - that is, force capable of causing physical pain or injury to another person.'" United States v. Hollins, 514 F. App'x 264, 267 (3d Cir. 2012) (quoting Johnson v. United States, 559 U.S. 133, 140 (2010) ("Johnson (2010)") (defining "physical force" as "violent force- that is, force capable of causing physical pain or injury to another person" and which "connotes a substantial degree of force"); see also United States v. Gorny, 655 F. App'x 920, 925 (3d Cir. 2016) ("A crime falls within the elements clause when it contains, as an element, the use of violent force - that is, 'force capable of causing physical pain or injury to another person.'") (quoting Johnson (2010), 559 U.S. at 140; United States v. Mahone, 662 F.3d 651, 656 (3d Cir. 2011), *partially abrogated on other grounds by* Brown, 765 F.3d 278), *petition for cert. filed*, (U.S. Mar. 27, 2017) (No. 16-8541). Thus, our decision depends on whether Fisher's aggravated assault conviction fits within the definition of a "violent felony" under the ACCA.

### C. 18 Pa. C. S. § 2702

Fisher's aggravated assault conviction arose under 18 Pa. C. S. § 2702 ("§ 2702").[3] At the time of Fisher's offense, the Pennsylvania crime of aggravated assault was defined as follows:

(a) Offense defined. – A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;

(2) attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to a police officer (or other designated officer) in the performance of duty;

---

[3]Fisher asserts that it is unclear whether his conviction was for aggravated assault under § 2702 or simple assault under 18 Pa. C. S. § 2701. (See Def.'s Mem. Law in Support of § 2255 Mot. at 6-7; Ex. A.) However, he later states that "[t]he prior offense at issue here is Movant's conviction for aggravated assault." (Def.'s Reply at 1.) (citing Def.'s Mem. Law in Support of § 2255 Mot.; Ex. A.)

6

(3) attempts to cause or intentionally or knowingly causes bodily injury to a police officer (or other designated officer) in the performance of duty;

(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon;[4] or

(5) attempts to cause or intentionally or knowingly causes bodily injury to [school officials] while acting in the scope of his or her employment or because of his or her employment relationship to the school.

(Gov't's Response at 5) (citing 18 Pa. C. S. A. § 2702(a) (prior version); Feb. 2, 1990).

§ 2702 has been held to be divisible and subject to the modified categorical approach. See Gorny, 655 F. App'x at 924; United States v. Lewis, No. 15-cr-368, 2017 WL 368088, at *2 (E.D. Pa. Jan. 1, 2017) ("Pennsylvania's aggravated assault statute, 18 Pa. Cons. Stat. § 2702, is a divisible statute that lists multiple crimes."). The parties agree that the record does not contain any information indicating which subsection or grade was the crime of conviction. (Def.'s Reply at 1; Gov't's Response at 6.) The Government points out that the state-court record only establishes that Fisher was charged with violating all five provisions of the aggravated assault statute, and that he was convicted of aggravated assault in violation § 2702(a), but it does not establish which subsection or a grade of conviction. (Gov't's Response at 6.) As such, Fisher argues that his conviction is only a predicate violent felony if every subsection of aggravated assault necessarily requires the intentional use of violent physical force. (Def.'s Reply at 1-2.) The Government asserts that "the court must determine whether the least culpable subsection of

---

[4]In Gorny, the Third Circuit held that Pennsylvania's crime of aggravated assault under 18 Pa. C. S. § 2702(a)(4) is a crime of violence and it met the *mens rea* requirement of the element's clause because it proscribed only intentional or knowing conduct. 655 F. App'x at 925. The Gorny decision involved the United States Sentencing Guidelines ("U.S.S.G."). Id. at 924. "[T]he definition of a violent felony under the ACCA is sufficiently similar to the definition of a crime of violence under the Sentencing Guidelines that authority interpreting one is generally applied to the other." United States v. Hopkins, 577 F.3d 507, 511 (3d Cir. 2009); see also Brown, 765 F.3d at 189 n.2. Regarding § 2702(a)(1), the Gorny Court held that it remains a "crime of violence" for purposes of U.S.S.G. § 4B1.2 as an enumerated offense pursuant to Application Note 1. 655 F. App'x at 927 n.9. Notably, aggravated assault is not an enumerated offense under the ACCA.

7

the statute constitutes a violent felony under ACCA's force clause" and "all of the aggravated assault offenses require the use or threatened use of physical force as defined in ACCA, and aggravated assault in violation of Section 2702(a) is categorically a violent felony under ACCA's elements clause."  (Gov't's Response at 6-7.)

We will begin our analysis by examining the language of § 2702(a)(1); specifically, recklessness under § 2702(a)(1).  See Harris, 205 F. Supp. 3d at 669 (stating that since there is nothing in the record indicating which subsection was the crime of conviction "we can only look at the least of the acts that would support a conviction, . . . , here recklessness under subsection 2702(a)(1).").  Pursuant to § 2702(a)(1), "[a] person is guilty of aggravated assault if he: (1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa. C. S. § 2702(a)(1).  "[I]t has been held that a violation of Section 2702(a)(1) is not a qualifying predicate, because it criminalizes reckless conduct and can be committed by an act of omission."  See United States v. Weygandt, No. 09-cr-24, 2017 WL 818844, at *2 (W.D. Pa. Mar. 2, 2017) (citing Harris, 205 F. Supp. 3d at 672) (holding that "aggravated assault under subsection 2702(a)(1) is categorically not a violent felony as it can be committed without the use of force" and "a conviction based upon recklessness cannot be a violent felony"); see also Nelson v. United States, No. 16-civ.-3409, 2017 WL 150242, at *5 (D.N.J. Jan. 12, 2017) ("[I]t remains good law in [the Third] Circuit that recklessness is insufficient to meet the elements clause's requirement that a violent felony involves the 'use' of force.").  But see United States v. Peppers, No. 00-cr-336, 2016 WL 7104291, at *2 (M.D. Pa. Dec. 6, 2016) (holding that § 2702(a)(a) fits under the force clause qualifying as a predicate offense under the ACCA); United States v. Mayo, No. 00-cr-336, 2016 WL 696259, at *2 (M.D. Pa. Nov. 29, 2016)

(finding that Mayo's aggravated assault conviction pursuant to § 2702(a)(1) fits under the ACCA's force clause).[5]

Finding that aggravated assault under § 2702(a)(1) is categorically not a violent felony under the ACCA, the Harris court focused on the fact that it can be committed without the use of force; specifically, that "aggravated assault under subsection 2702(a)(1) can be committed by an act of omission." Harris, 205 F. Supp. 3d at 671-72 (citing Commonwealth v. Thomas, 867 A.2d 594, 597-602 (Pa. Super. Ct. 2005) (aggravated assault under subsection 2702(a)(1) does not have as an element "the use of force or the threat of force" and can be committed in part by withholding food and medical care from a child)). The Harris court also agreed with the defendant that "a conviction based upon recklessness cannot be a violent felony." Id. at 672 (citing Mahone, 662 F.3d at 655 (a crime of violence under the elements clause always requires a showing of intentional conduct as opposed to reckless or negligent conduct); United States v. Otero, 502 F.3d 331, 335 (3d Cir. 2007) (Pennsylvania simple assault conviction with a *mens rea* of recklessness is not a crime of violence under the elements clause); Gorny, 655 F. App'x at 924–25 (a Pennsylvania aggravated assault conviction under subsection 2702(a)(4) requires knowing or intentional conduct thereby satisfying the elements clause *mens rea* requirement) (citing Mahone)). The court's reasoning in Harris is persuasive and directly applicable to our case.

---

[5]Mayo relied, in part, upon the ruling in Gorny that "Application Note 1 to § 4B1.2 of the United States Sentencing Guidelines was not called into question in Johnson as to the application of the ACCA to its four enumerated offenses, which includes aggravated assault." Mayo, 2016 WL 6962590, at *1 (citing Gorny, 655 F. App'x at 927 n.9). Peppers and Mayo also rely, in part, upon Briolo v. Att'y Gen., 515 F. App'x 126, 129 (3d Cir. 2013), which approved a predicate aggravated assault conviction under N.J.S.A. § 2C:12-1(b) (containing a recklessness provision similar to § 2702(a)(1)'s provision) for purposes of the residual clause of 18 U.S.C. § 16(b). See Peppers, 2016 WL 7104291, at *2; Mayo, 2016 WL 6962590, at *1. Since our situation neither involves an enumerated offense under the ACCA nor § 16(b)'s residual clause, we will not rely upon the reasoning of Peppers or Mayo. See Weygandt, 2017 WL 818844, at *2 n.3 (finding the reasoning in the Harris decision persuasive as opposed to the reasoning in Peppers and Mayo).

9

In support of its argument, the Government relies upon United States v. Castleman, 134 S. Ct. 1405, 1415 (2014) (analyzing a misdemeanor crime of domestic violence under the similar elements clause of 18 U.S.C. § 922(g)(9) ("§ 922(g)(9)") and applying definition of "use of physical force" involving harm caused both directly and indirectly and that would include administering poison or similar actions), and Voisine v. United States, 136 S. Ct. 2272, 2278 (2016) (finding that a reckless crime can, under certain circumstances, constitute a misdemeanor crime of domestic violence under the similar elements clause of § 922(g)(9)).[6] (See Gov't's Response.) However, "Castleman and Voisine are distinguishable because they involved the interpretation of 'use of physical force' set forth in the definition of 'misdemeanor crime of violence' in a different statute, 18 U.S.C. § 921(a)(33)(A)(ii)." Hill, 2016 WL 7076929, at *7.

In United States v. Castleman, the Supreme Court held that a defendant's guilty plea to having "intentionally or knowingly cause[d] bodily injury" to the mother of his child constituted "the use of physical force" required for a misdemeanor crime of domestic violence as defined in 18 U.S.C. § 921(a)(33)(A). 134 S. Ct. at 1409-10. Although a conviction was possible under the statute without making contact, i.e., deceiving someone into drinking a poisoned beverage, the common law concept of force encompassed its indirect application because force need not be applied directly to the body of the victim. Id. at 1414 ("It is impossible to cause bodily injury without applying force in the common-law sense."). In addition, the Supreme Court held that "the knowing or intentional application of force is a 'use' of force" and "[t]hat the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter." Id. at 1415 (noting

---

[6]"Federal law prohibits any person convicted of a 'misdemeanor crime of domestic violence' from possessing a firearm." Voisine, 136 S. Ct. at 2276 (citing 18 U.S.C. § 922(g)(9)). "That phrase is defined to include any misdemeanor committed against a domestic relation that necessarily involves the 'use . . . of physical force.'" Id. (quoting 18 U.S.C. § 921(a)(33)(A)).

that Leocal v. Ashcroft, 543 U.S. 1, 9 (2004), "held that the 'use' of force must entail 'a higher degree of intent than negligent or merely accidental conduct.'"). Notably, the Castleman Court stated that "[w]e declined to read the common-law meaning of 'force' into ACCA's definition of a 'violent felony,' because we found it a 'comical misfit with the defined term.'" Id. at 1410.

The Government's reliance on Castleman is misplaced because "[b]y its express terms, Castleman's analysis is applicable only to crimes categorized as domestic violence, which import the broader common law meaning of physical force." United States v. Rico-Mejia, - F. App'x -, No. 16-cr-50022, 2017 WL 568331, at *3 (5th Cir. Feb. 10, 2017). "Castleman is not applicable to the physical force requirement for a crime of violence, which 'suggests a category of violent, active crime' that have as an element a heightened form of physical force that is narrower in scope than that applicable in the domestic violence context." Id. (citing Castleman, 134 S. Ct. 1411 n.4); see also Hill, 2016 WL 7076929, at *7 ("Simply put, Castleman defined 'physical force' more broadly than it had in Johnson for purposes of the ACCA, a definition which applies to the identical usage of the career offender guideline.") (citation omitted).

Also, in Harris, the court distinguished the ruling in Castleman by stating that "[t]he Castleman reasoning deals with affirmative acts leading to the indirect use of force, but does not resolve whether acts of omission could also lead to the indirect use of force." 205 F. Supp. 3d at 671. The Harris court explained that "Castleman said that the use of force was the act of employing poison as a device to cause physical harm, and it noted that 'physical force' was 'simply force exerted by and through concrete bodies. . . .'" Id. (citing Castleman, 134 S. Ct. at 1414; quoting Johnson (2010)). However, according to the Harris court, "it cannot be said that physical force has been used when no act has been performed, when the act has been one of omission, since there has been no force exerted by and through concrete bodies." Id. The Harris

11

court reasoned that "[t]his observation is relevant here because aggravated assault under subsection 2702(a)(1) can be committed by an act of omission." Id. (citing Thomas, 867 A.2d at 597) (construing § 2702(a)(1) stating that "evidence of the use of force or the threat of force is not an element of the crime of aggravated assault. Mother has offered nothing which demonstrates that the Pennsylvania Courts have ever required proof of the use of force or the threat of force to sustain a conviction for aggravated assault").

Likewise, the Government's reliance on Voisine is misplaced because the Supreme Court held that a reckless crime can include the "use" of force to trigger § 922(g)(9)'s firearms ban; however, it specifically declined to extend its holding beyond § 922(g)(9). Voisine, 136 S. Ct. at 2280 n.4. "While the Supreme Court in Voisine did hold that a reckless crime can include the 'use' of force sufficient to trigger § 922(g)(9), the Supreme Court in doing so specifically declined to extend its holding beyond § 922(g)(9) to other statutes with similar elements clauses, such as 18 U.S.C. § 16, specifically noting that courts have at times read § 922(g)(9)'s elements clause differently than that of other similar statutes based on the misdemeanor context of § 922(g)(9)." Nelson, 2017 WL 150242, at *5 (citing Voisine, 136 S. Ct. at 2280 n.4; see also Hill, 2016 WL 7076929, at *7 ("Voisine interpreted 'use' and held that a 'misdemeanor crime of domestic violence' committed with a *mens rea* of recklessness fit within Castleman's definition.") (citing Voisine, 136 S. Ct. 2280 ("Congress's definition of a 'misdemeanor crime of violence' contains no exclusion for convictions based on reckless behavior. A person who assaults another recklessly 'use[s]' force, no less than one who carries out that same action knowingly or intentionally.")).

After consideration of all of the parties' arguments, we join the other District Courts that have recently held that Pennsylvania aggravated assault under § 2702(a)(1) is not a "crime of

violence" under the ACCA because it can be committed by an act of omission and criminalizes reckless conduct. See Weygandt, 2017 WL 818844, at *2 (holding that a § 2702(a)(1) conviction would not serve as a valid ACCA predicate); Harris, 205 F. Supp. 3d at 651 (holding that aggravated assault under § 2702(a)(1) is categorically not a violent felony under the ACCA). Therefore, we conclude that the record does not demonstrate that Fisher's ACCA sentence was supported by three valid predicate offenses. Because Fisher's aggravated assault conviction under § 2702(a)(1) no longer qualifies, and since he is no longer subject to the ACCA's enhancement provisions, Fisher is entitled to § 2255 relief. Therefore, Fisher's sentence will be vacated, and he will be resentenced. Consequently, Fisher's Motion to Correct Sentence Under 28 U.S.C. § 2255 is granted.

## IV.    CONLCUSION

For the reasons stated above, Fisher's Motion to Correct Sentence Under 28 U.S.C. § 2255 is granted, and he will be resentenced accordingly.

An appropriate Order follows.